Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Amber Canez; <br><br> Plaintiff, <br><br> v. <br><br> Mark A. Kirkorsky, P.C.; <br><br> Defendant. | No. <br><br> **COMPLAINT** <br><br> (Jury Trial Demanded) |

**I. Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks recovery of statutory damages, actual damages, costs and attorney's fees.

**II. JURISDICTION**

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies

in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### III. PARTIES

3. Plaintiff resides in Maricopa County, Arizona.

4. Plaintiff is a natural person allegedly obligated to pay a debt.

5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

6. Defendant Mark A. Kirkorsky, P.C. is a domestic professional corporation doing business in Arizona as a collection law firm (hereinafter "Kirkorsky").

7. Kirkorsky collects or attempts to collect debts owed or asserted to be owed or due another.

8. Kirkorsky is a "debt collector" as that term is defined by FDCPA § 1692a(6).

### IV. Factual Allegations

9. In or about 2004, Plaintiff and her husband at the time, Guadalupe Canez, took out a loan from the Arizona Federal Credit Union ("AFCU") to purchase a truck.

10. The AFCU loan was incurred for personal, family and household purposes.

11. Plaintiff and Guadalupe later divorced, with the Guadalupe keeping the truck, and assuming the liability.

12. Guadalupe failed to timely make payments on the loan, and in 2009 AFCU assigned the account to Kirkorsky for collection purposes.

13. Plaintiff settled her liability on the AFCU account through Kirkorsky's office in July or August 2009, and received a full release from AFCU.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

14. In or about August 2012, Kirkorsky mailed a collection letter to Plaintiff concerning the collection of the AFCU debt.

15. At the time the letter was mailed, Kirkorsky knew that Plaintiff had settled the debt through its office in 2009, and that Plaintiff did not owe the amount claimed to be due.

16. At the time the letter was mailed, Kirkorsky knew, or should have known, that Plaintiff was represented by counsel concerning the AFCU debt, yet Kirkorsky sent the collection letter directly to Plaintiff.

17. On or about February 15, 2013, Kirkorsky sent another collection letter to Plaintiff concerning the AFCU debt. (A copy of this letter is attached as Exhibit A.)

18. Kirkorsky claimed that $13,096.89 was still owed by Plaintiff on the AFCU debt.

19. At the time Exhibit A was mailed, Kirkorsky knew that Plaintiff had settled the debt through its office in 2009, and that she did not owe the amount claimed to be due.

20. At the time Exhibit A was mailed, Kirkorsky knew, or should have known, that Plaintiff was represented by counsel concerning the AFCU debt, yet Kirkorsky sent the collection letter directly to Plaintiff.

21. When Plaintiff received these two letters from Kirkorsky, she became upset as she had already gone through the pain of settling the account with Kirkorsky's office years before, and these letters brought back the emotional pain.

22. As a result and proximate cause of Defendant's actions, Plaintiff has suffered actual damages, including, but not limited to, anxiety and other

1  emotional distress.

## V. Causes of Action

### a. Fair Debt Collection Practices Act

23. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

24. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(2)(A), 1692e(8), 1692e(10), and 1692f(1).

25. As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

    a)    Actual damages under the FDCPA;

    b)    Statutory damages under the FDCPA;

    c)    Costs and reasonable attorney's fees pursuant to the FDCPA; and

    d)    Such other relief as may be just and proper.

/ / /

/ / /

DATED  July 17, 2013  .

  s/ Floyd W. Bybee  
Floyd W. Bybee, #012651  
**BYBEE LAW CENTER, PLC**  
90 S. Kyrene Rd., Ste. 5  
Chandler, AZ 85226-4687  
Office: (480) 756-8822  
Fax: (480) 302-4186  
floyd@bybeelaw.com

Attorney for Plaintiff